UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TEENA HARRIS o/b/o N.L.K.,

                                      Plaintiff,

                                                    DECISION AND ORDER

                                                    16-CV-806L

                  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                         Defendant.
_____

        Plaintiff Teena Harris ("plaintiff"), on behalf of her minor son, N.L.K., appeals from a denial of continued Social Security benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that N.L.K. was not disabled.

        Plaintiff protectively filed an application for Supplemental Security Income on November 29, 2012, on N.L.K.'s behalf. That claim was initially denied on March 22, 2013. Plaintiff requested a hearing, which was held on July 25, 2014 before Administrative Law Judge ("ALJ") William M. Weir. (Dkt. #7 at 16). On April 21, 2015, the ALJ issued a decision concluding that N.L.K. was not disabled. (Dkt. #7 at 16-33). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 12, 2016. (Dkt. #7 at 1-3). Plaintiff now appeals.

        Plaintiff has moved (Dkt. #10) and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is not supported by substantial evidence, and that the ALJ failed

to complete the record. The Commissioner's cross motion (Dkt. #13) is denied, plaintiff's motion (Dkt. #10) is granted, and the matter is remanded for further proceedings.

## DISCUSSION

### I. Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the claimant is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that N.L.K. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g);

*Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

**II.     The ALJ's Decision**

The ALJ initially found that since the November 29, 2012 application date, N.L.K. (then six years old) has had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), Oppositional Defiant Disorder ("ODD") and asthma. The ALJ proceeded to analyze whether N.L.K. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical, educational and testimonial evidence presented, the ALJ concluded that since November 29, 2012, N.L.K. has had no limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, and less than marked limitations in health and physical well-being. The ALJ accordingly concluded that N.L.K. is "not disabled." (Dkt. #7 at 16-33).

### III. The ALJ's Duty to Complete the Record

Plaintiff argues that the record contains a significant gap, and that the ALJ's decision is therefore not supported by substantial evidence. The Court concurs.

Specifically, although the ALJ found that N.L.K. had severe impairments including ADHD and ODD – both mental impairments – the record contained almost no evidence concerning those conditions, despite the fact that N.L.K. had been receiving frequent and regular health treatment at the Monsignor Carr Institute (the "Institute") since November 21, 2012, when he was six years old. Although plaintiff's counsel and the ALJ made multiple requests for treatment records and/or a mental health assessment from the Institute, those requests were apparently met with a woefully insufficient response, consisting chiefly of an initial evaluation from November 2012, a "progress note summary" indicating that N.L.K. had received treatment at the Institute at least 42 times between February 2013 and October 2014, a prescription list, and an individualized action plan from March 2013. (Dkt. #7 at 283-86, 437-44). No treatment notes were produced.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). This includes the duty "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). The responsibility of the ALJ to fully develop the record persists even where, as here, plaintiff is represented by counsel. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

Furthermore, the ALJ's duty is particularly pressing where the records sought are "central to the disability determination." *Carr v. Commissioner*, 2017 U.S. Dist. LEXIS 72209 at *29 (S.D.N.Y. 2017). The Court observes that here, even in its incomplete state and consisting

4

primarily of educational records, the record testifies repeatedly to N.L.K.'s "very serious" difficulties with maintaining appropriate behavior, exercising self-control, responding to changes, and acting in a manner that is not harmful to others. Given the nature and severity of N.L.K.'s impairments and the remarkable frequency with which he received mental health treatment, obtainment of a complete record of that mental health treatment was "central to the disability determination." *Id*.

The fact that the essential treatment records were requested, but not received, "does not obviate the ALJ's independent duty to develop the record," particularly since the ALJ could have exercised his power to subpoena them, but did not. *Benjamin v. Colvin*, 2017 U.S. Dist. LEXIS 161772 at *21-*22 (E.D.N.Y. 2017). *See generally* Hearings, Appeals and Litigation Law Manual at 1-2-5-78(A) ("[w]hen it is reasonably necessary for the full presentation of a case, [the] ALJ may issue a subpoena"). *See also* Dkt. #7 at 232 (July 29, 2014 letter from plaintiff's counsel to the ALJ, asking the ALJ to "take whatever steps are necessary, including using a subpoena," to obtain the complete "counseling therapy and psychiatric notes" from the Institute).

Ultimately, an ALJ is expected to make "every reasonable effort" to fully and fairly develop the record, taking into account the circumstances of the case. *Carr*, 2017 U.S. Dist. LEXIS 72209 at *32 (citing *Devora v. Barnhart*, 205 F. Supp. 2d 164, 175 (S.D.N.Y. 2002)). Under the particular circumstances presented here – where the claimant's impairments are primarily mental in nature, where the sole treating mental health care source refused to provide its treatment records, where the evidence in the incomplete record nonetheless suggested serious difficulties in one or more areas of mental functioning that cried out for amplification, and where the ALJ declined to exercise his power to subpoena the missing records – the ALJ cannot be said to have made "every reasonable effort" to complete the record. 20 C.F.R. §416.912(d).

**CONCLUSION**

For the foregoing reasons, I find that the ALJ failed to fulfill his duty to complete the record, and that his decision is therefore not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is denied. The Commissioner's decision is reversed, and the matter is remanded for further proceedings, including the issuance of a subpoena for N.L.K.'s complete treatment records from the Monsignor Carr Institute.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 21, 2018.